## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MAHALA DUFFY,                                )
                                             )
       Plaintiff,                         )
                                             )
    v.                                       )      C.A. No. 16-711-RGA
                                             )
DELAWARE STATE UNIVERSITY,                   )
                                             )
       Defendant.                         )
                                             )

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger
920 North King Street
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Defendant*
*Delaware State University*

Dated: May 11, 2017

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 3

    I.    PLAINTIFF'S COMPLAINT IS TIME BARRED SINCE SHE FAILED TO
          FILE SUIT WITHIN 90 DAYS OF HER RECEIPT OF THE EEOC RIGHT
          TO SUE NOTICE ........................................................................................ 3

          A.    Plaintiff Admitted In Her Complaint That She Received The Right To
               Sue Notice On May 11, 2016 ......................................................................... 3

          B.    The Mailing Of Plaintiff's Complaint To The Court Does Not
               Constitute A Timely Filing Of Her Complaint. ............................................. 4

          C.    Plaintiff Was Not Entitled To Three (3) Additional Days Under Fed.
               R. Civ. P. 6(d) To File Suit ........................................................................... 5

    II.    PLAINTIFF FAILED TO SERVE DELAWARE STATE WITH THE
          COMPLAINT AND SUMMONS WITHIN 90 DAYS OF FILING HER
          COMPLAINT ............................................................................................. 7

CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bobbitt v. Freeman Cos.*,
   268 F.3d 535 (7th Cir. 2001) ................................................................................6

*DiCroce v. Norton*,
   218 F. App'x 171 (3d Cir. 2007) .........................................................................6

*Hornsby v. United States Postal Serv.*,
   787 F.2d 87 (3d Cir. 1986).................................................................................5

*Ish v. Arlington Cty. Virginia*,
   918 F.2d 955, 1990 WL 180127 (4th Cir. Nov. 21, 1990) (TABLE)........................6

*Johnson v. Al Tech Specialties Steel Corp.*,
   731 F.2d 143 (2d Cir. 1984).............................................................................6, 7

*Montecalvo v. Trump's Taj Mahal Casino*,
   1997 WL 786985 (E.D. Pa. Nov. 26, 1997) .........................................................4

*Moore v. Kennedy Mem'l Hosp.-UMC*,
   1999 WL 143834 (D.N.J. Jan. 28, 1999) .............................................................4

*Mosel v. Hills Dep't Stores, Inc.*,
   789 F.2d 251 (3d Cir. 1986)............................................................................5, 6

*Seitzinger v. Reading Hosp. & Med. Ctr.*,
   165 F.3d 236 (3d Cir. 1999)...............................................................................6

STATUTES & RULES

42 U.S.C. §2000e-5(f)(1) ...........................................................................................4, 5

rlf1 17527412v.1

## INTRODUCTION

Plaintiff Mahala Duffy ("Plaintiff") brought this suit claiming that defendant Delaware State University ("Delaware State") discriminated against her during her employment on the basis of her gender and religion. Delaware State moved to dismiss for failure to state a claim based on the running of the statute of limitations and untimely service of the Complaint and Summons. In her Answering Brief, Plaintiff fails to provide this Court with any explanation as to the reasons she failed to file suit within 90 days of her receipt of the right to sue notice from the EEOC or failed to timely serve Delaware State. Instead, Plaintiff asserts several arguments in support of her late filing and late service which are not supported by the facts or law.

First, Plaintiff represents that she received her right to sue notice on May 12, 2016, despite her prior sworn statements under the penalty of perjury in her Complaint that she received the right to sue notice on May 11, 2016. Next, she appears to argue that she complied with the statutory requirement for filing by mailing her Complaint to the Court on August 10, 2016. However, even if the Court applied Plaintiff's mailing date as her filing date (which is contrary to Federal Rules), she still filed her Complaint on August 10, 2016, 91 days after her receipt of the right to sue notice, which warrants dismissal. Plaintiff also argues that she is entitled to three additional days under Fed. R. Civ. P. (6)(d) to file suit, however, for the reasons explained herein, this Rule is not applicable to this case; specifically, not applicable to the filing of a Complaint. Further, her attempt to get three days on the front end and three days on the back end of the 90 day time period, for a total of 96 days, has no support in the procedural rules or case law.

Finally, Plaintiff contends that she attempted to serve Delaware State within 90 days of her receipt of USM 285 forms, instead of the Complaint filing date, and therefore service was "reasonable" and "with the best intentions." Notwithstanding, Plaintiff failed to properly serve

1

the Complaint and Summons on Delaware State within 90 days of the filing of the Complaint as required under Fed. R. Civ. P. 4(m).

Based on the arguments as set forth herein and also in Delaware State's Opening Brief in support of its Motions to Dismiss, Plaintiff's Complaint must be dismissed.

2

## ARGUMENT

I.   **PLAINTIFF'S COMPLAINT IS TIME BARRED SINCE SHE FAILED TO FILE SUIT WITHIN 90 DAYS OF HER RECEIPT OF THE EEOC RIGHT TO SUE NOTICE.**

   A.   **Plaintiff Admitted In Her Complaint That She Received The Right To Sue Notice On May 11, 2016.**

In her Answering Brief, Plaintiff argues that she was issued a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") on May 12, 2016 and not on May 11, 2015 or May 11, 2016, as Delaware State cited in its Opening Brief.  (An. Brf. p.1).  Further, Plaintiff inexplicably states that she did not refer to either May 11, 2015 or May 11, 2016 in her Complaint.  (*Id.*).  This is simply not the case.  In fact, Plaintiff acknowledged that she received the right to sue notice from the EEOC on the "11th of May 2015." [1]  (Comp. ¶ 9).  Specifically, in her U.S. District of Delaware Complaint For Discrimination, Plaintiff states, "The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to Sue letter which was received by plaintiff on 11th, May, 2015." (Comp. ¶ 9).  Moreover, Plaintiff declared under penalty of perjury that this date was true and correct.  (Comp.).  Any attempt by Plaintiff to misrepresent the date of her receipt of the right to sue notice at this time lacks credibility and should be disregarded.

It is undisputed that Plaintiff did not mail her Complaint to the Court until August 10, 2016, 91 days after her receipt of the "right to sue letter" and that she did not file her Complaint until August 12, 2016, 93 days after the issuance of the "right to sue" letter.  (An. Brf. Ex. A, D.I. 2).  Plaintiff should not be permitted to now change the facts of the case in order to

---

[1] As noted in its Opening Brief, Delaware State concedes that Plaintiff likely meant to write 2016, not 2015 based upon the date of the EEOC's right to sue notice which was May 9, 2016.

circumvent the 90-day statutory requirements for filing suit under Title VII.  (*See* 42 U.S.C.

§2000e-5(f)(1)).  Accordingly, Plaintiff's action is untimely and must be dismissed.

**B.      The Mailing Of Plaintiff's Complaint To The Court Does Not Constitute A Timely Filing Of Her Complaint.**

Plaintiff appears to argue that she complied with Title VII's 90 day statutory requirement

for filing suit by mailing her Complaint to the Court on August 10, 2016.  (An. Brf. p. 1).

However, pursuant to Fed. R. Civ. P. 5(d)(2), in order to file papers with the Court a litigant must

deliver it to the clerk or to a judge who agrees to accept it for filing, and who must then note the

filing date on the paper and promptly send it to the clerk.  Neither this rule nor any other rule

makes an exception for the date of mailing as a substitute for the actual date the paper was

delivered to the court or clerk.

Here, the Clerk noted Plaintiff's filing date for her Complaint as August 12, 2016 – the

date the Clerk received it which was three days after the August 9, 2016 filing deadline.

Notably, the Clerk did not use the August 10, 2016 postmark date on Plaintiff's mailing

envelope.  Further, arguably, even if the Court applied the date Plaintiff mailed the Complaint as

her filing date, she still mailed her Complaint on August 10, 91 days after receipt of the right to

sue notice, which warrants dismissal of her Complaint.  "The 90-day filing period acts as a

statute of limitation in Title VII cases and cannot, in the absence of equitable considerations, be

extended even one day."  *Montecalvo v. Trump's Taj Mahal Casino*, 1997 WL 786985, at *1,

(E.D. Pa. Nov. 26, 1997) (citing *Mosel v. Hills Dep't Stores, Inc.,* 789 F.2d 251, 253 (3d Cir.

1986); *Hicks v. Arthur*, 843 F. Supp. 949, 956 (E.D. Pa. 1994)).  *See also Moore v. Kennedy*

*Mem'l Hosp.-UMC*, 1999 WL 143834, at *1 (D.N.J. Jan. 28, 1999) (dismissing the complaint

because it was not received by the Clerk's Office until ninety-five days after she received notice

from the EEOC).

4

**C.     Plaintiff Was Not Entitled To Three (3) Additional Days Under Fed. R. Civ. P. 6(d) To File Suit**

Although it is not particularly clear, it appears that Plaintiff contends that under Fed. R. Civ. P. 6(e) she has three added days after the filing deadline to file her Complaint because the right to sue letter was mailed to her from the EEOC. (An. Brf. p.1). As an initial matter, Plaintiff offers no excuse for her delay in filing. Further, Plaintiff's use of Fed. R. Civ. P. 6(d) (formerly 6(e)) is misplaced. She fails to provide any legal support for her apparent contention that Fed. R. Civ. P. 6(d) applies to a mailing from the EEOC of a notice letter such that it would afford her an extension of the statute of limitations for filing suit under Title VII.

According to Fed. R. Civ. P. 6(d), when a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), three days are added after the period would otherwise expire. This rule is plainly inapposite to the present case. Rule 6(d) applies only where a time period is measured from the date of service of a pleading by the other party or court by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail. The Title VII provision,[2] in contrast, requires that a complaint be filed within 90 days after the plaintiff actually receives notice of the EEOC's decision. *See Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). An additional period to compensate for her mailing time of the Complaint is irrelevant and inappropriate for measuring any statute of limitations. (*Id.*). Accordingly, Plaintiff is not

---

[2] Section 2000e-5(f)(1) provides that if the EEOC dismisses a charge or takes no action within a specified period of time it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge...." 42 U.S.C.A. § 2000e-5(f)(1). This provision has been construed liberally such that the time for filing a complaint begins to run when the plaintiff has notice of the EEOC decision; this usually occurs on the date he receives a right-to-sue letter. *See Hornsby v. United States Postal Serv.*, 787 F.2d 87, 89-90 n.3 (3d Cir. 1986). Indeed, the EEOC's form right-to-sue letter itself states that a plaintiff has 90 days after *receiving* the letter in which to file suit.

entitled to a "3 day grace period after being served (service)", as she suggests. Simply put, she filed her Complaint after the statute of limitations expired and therefore, her Complaint should be dismissed.

Notwithstanding the foregoing, if there is no evidence as to the actual date of the arrival of the EEOC's letter, it is presumed that the complainant received the right-to-sue letter three days after the EEOC mailed it. *DiCroce v. Norton*, 218 F. App'x 171, 174 (3d Cir. 2007); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (citing Fed. R. Civ. P. 6(e); *Mosel v. Hills Dep't Store. Inc.*, 789 F.2d 251, 253 n.2 (3d Cir. 1986)); *see also Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) ("The law presumes timely delivery of a properly addressed piece of mail."). "[A]lthough Rule 6(e) does not automatically provide a three-day extension to § 2000e-5(f)(1), it does provide a presumption of receipt three days after mailing if the parties dispute the date of receipt." *Ish v. Arlington Cty. Virginia*, 918 F.2d 955, 1990 WL 180127, at *1 (4th Cir. Nov. 21, 1990) (TABLE).

In this matter, however, Plaintiff's sworn statement in her Complaint is that she received the right to sue letter from the EEOC on May 11, 2016. (Comp. ¶ 9). Since Plaintiff has admitted the actual date of her receipt of the EEOC's right to sue notice, she is not entitled to a presumption that she received the right to sue notice three days after the EEOC mailing date on May 12, 2016. Accordingly, Plaintiff was required to file suit within 90 days of her actual date of receipt which was on or before August 9, 2016. Plaintiff's Complaint, filed over 90 days after receipt of the right-to-sue letter was therefore untimely, and she has failed to state any equitable reason for disregarding the statutory requirement. "While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143,

146 (2d Cir. 1984) (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir. 1982)).

Nonetheless, assuming *arguendo*, the Court was to accept Plaintiff's new receipt date of May 12,

2016, Plaintiff's Complaint was filed August 12, 2016, which is still more than 90 days from the

May 12th date.  Because Plaintiff did not timely file suit and has provided no explanation for her

failure to do so, her Complaint must be dismissed.

## II.    PLAINTIFF FAILED TO SERVE DELAWARE STATE WITH THE COMPLAINT AND SUMMONS WITHIN 90 DAYS OF FILING HER COMPLAINT.

In her Answering Brief, Plaintiff argues that she attempted to serve Delaware State on

November 28, 2016 which was 90 days after she received the USM 285 forms from the Court.

(An. Brf. pp. 1-2).  According to Plaintiff, but without any evidence in support, service was

"reasonable" and with "the best intentions."  (*Id.*).

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 90 days after the

complaint is filed, not 90 days after the plaintiff's receipt of the USM 285 forms from the Court.

Plaintiff's failed attempt to serve Delaware State within 90 days after she received the USM 285

forms is not sufficient under the Rules.  It is undisputed that Plaintiff failed to serve the

Complaint and Summons on Delaware State within 90 days of filing her Complaint as required

by Fed. R. Civ. P. 4(m).  In fact, Plaintiff did not serve Delaware State with the Complaint until

March 30, 2017, which was 230 days after the filing of the Complaint.  Accordingly, the Court

must dismiss the action without prejudice against Delaware State.

7

## CONCLUSION

Based on the foregoing, as well as the arguments set forth in Defendant's Opening Brief in support of its Motion to Dismiss, Plaintiff failed to serve Delaware State within 90 days of her filing suit.  Therefore, the Complaint must be dismissed.  However, assuming *arguendo* good cause is shown for her delay in service, Plaintiff's Complaint is time barred as a matter of law because she filed it late and therefore the Complaint must be dismissed with prejudice. Accordingly, Delaware State respectfully requests that the Court dismiss the Complaint with prejudice.

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger
920 North King Street
Wilmington, Delaware  19801
302-651-7700

*Attorneys for Defendant*
*Delaware State University*

Dated: May 11, 2017

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and have sent the foregoing, in the manner indicated, to the following:

**VIA FIRST CLASS MAIL**

Mahala Duffy
104 Teak Court
Dover, Delaware  19901
*Pro se*

*/s/ Lori A. Brewington*
Lori A. Brewington (#4522)
Brewington@rlf.com