IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHALA DUFFY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-711-RGA |
| DELAWARE STATE UNIVERSITY, | : | |
| Defendant. | : | |

Mahala Duffy, Dover, Delaware; Pro Se Plaintiff.

Jennifer C. Bebko Jauffret, Esquire, and Lori Ann Brewington, Esquire, Richards, Layton & Finger, PA, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

December 21, 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Mahala Duffy, who proceeds *pro se* and has been granted leave to proceed in *forma pauperis*, filed this action alleging employment discrimination pursuant to 42 U.S.C. §§ 2000e, *et seq*. Before the Court is Defendant's motion to dismiss. (D.I. 9). Briefing on the matter is complete.

## BACKGROUND

Plaintiff was employed by Defendant until her employment was terminated on September 28, 2015. (D.I. 2 at p.2). Plaintiff alleges discrimination occurred during her employment with Defendant by reason of sex and religion and that there was a hostile work environment and the termination of her employment. (*Id.* at 2-3).

On July 30, 2015, Plaintiff filed a charge of discrimination with the Delaware Department of Labor which was simultaneously dual-filed with the Equal Employment Opportunity Commission.[1] (*Id.*). The EEOC mailed the notice of suit rights to Plaintiff on May 9, 2016. (*Id.* at p.4). The Complaint states that Plaintiff received a notice of right to sue letter on May 11, 2015.[2] (*Id.* at p.2). In Plaintiff's opposition to the motion to dismiss, she states that she received the notice of suit rights on May 12, 2016, via U.S. mail. (D.I. 11 at 2). Plaintiff's Complaint was signed on August 8, 2016, the envelope it

---

[1] Plaintiff did not provide the Court with a copy of the charge of discrimination even though the employment discrimination complaint form asks that it be attached to the complaint. (D.I. 1 at 3).

[2] Presumably, the date is May 11, 2016, since Plaintiff did not submit her charge of discrimination until July 30, 2015, thus making it impossible for Plaintiff to have received the notice of right to sue before she filed a charge of discrimination.

1

was mailed in is postmarked August 10, 2016, and the complaint was received and filed by the Clerk of Court on August 12, 2016. On September 13, 2016, the Court issued a service order after screening the Complaint. (D.I. 5).

Defendant moves for dismissal (D.I. 9) pursuant to Fed. R. Civ. P. 12(b)(5) and (6) on the grounds that: (1) Plaintiff failed to file this action within ninety days of receipt of the EEOC's notice of suit rights as required by 42 U.S.C. § 2000e-5(f)(1); (2) equitable tolling is not applicable under the circumstances of this case; and (3) the Complaint and summons were not served on Defendant within ninety days as required by Fed. R. Civ. P 4(m). (*See* D.I. 10).

## STANDARDS OF LAW

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

2

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant moves for dismissal and contends that more than ninety days passed from Plaintiff's receipt of the right to sue letter and the filing of the Complaint and, therefore, she is time-barred from raising her Title VII claims. Defendant further argues that Plaintiff's claims are not saved by equitable tolling. Plaintiff responds that the Complaint was timely filed, relying upon the August 10, 2016 postmark of the mailing

3

and the three-day rule set forth in former Fed. R. Civ. P. 6(e) (now Rule 6(d))[3]. I will refer to Rule 6(d) and not Rule 6(e) since Rule 6(d) was in effect at the time Plaintiff commenced this action.

The administrative prerequisites to a discrimination suit, as provided in 42 U.S.C. § 2000e-5, require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination, which, in Delaware, is the Delaware Department of Labor. See 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court. See 42 U.S.C. § 2000e-5(f)(1). Title VII provides that a complainant has ninety days from the receipt of an EEOC right to sue letter to file an action in court.[4] See 42 U.S.C. § 2000e-5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

The EEOC issued and mailed its notice of suit rights on May 9, 2016, and it was received by Plaintiff on either May 11, 2016 (the presumed date in the complaint which was signed under penalty of perjury as true and correct) or May 12, 2016 (the date Plaintiff relies upon in her opposition to the motion to dismiss). Giving Plaintiff the

---

[3] In 2007, the language of Rule 6 was amended. Rule 6(e) was eliminated and its language is now found in Rule 6(d). Rule 6(d) provides as follows: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)."

[4] The notice of suit rights advises the recipient, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (D.I. 2 at p.4) (emphasis in original).

4

benefit of the doubt, and using the May 12, 2016 date, Plaintiff had until Wednesday, August 10, 2016 to file her complaint. The instant Complaint was not filed until August 12, 2016, two days past the ninety day limit.

Plaintiff argues, however, that the complaint is timely filed because she sent it by certified mail on August 10, 2016, which is within the ninety day time frame as determined by the EEOC letter. She notes that the filing was received by the Court on August 12, 2016 and the Clerk's Office filed it accordingly. Plaintiff then relies upon Rule 6(d) to argue that she had three additional days after the ninety day period would otherwise expire. In Plaintiff's view, the complaint was filed within the ninety day time frame.

Plaintiff's position is unavailing for two reasons. First, she may not rely upon the August 10, 2016 postmark as proof that the complaint was timely filed because this is not a prisoner case. Therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See Kareem v. F.D.I.C.*, 482 F. App'x 594, 595 (D.C. Cir. 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Houston v. Lack*, 487 U.S. 266 (1988)). *See also* Fed. R. Civ. P. 3 (a civil action is commenced by filing a complaint with the Court); Fed. R. Civ. P. 5(d)(2) (a paper is filed by "delivering it" to the Clerk).

Second, Rule 6(d), which provides for additional time after service by mail, does not apply to extend ninety day period following receipt of notice of suit rights letter from EEOC within which employee was required to file employment discrimination action.

5

See *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). As the Third Circuit has stated,

> This rule is plainly inapposite to the present case. It applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail. The Title VII provision, in contrast, requires that a complaint be filed within ninety days after the plaintiff actually receives notice of the EEOC's decision. An additional period to compensate for mailing time is irrelevant and inappropriate.

*Id.*

Nor is Plaintiff's untimely filing saved by equitable tolling. Plaintiff states that she "did at all times reasonably and diligently pursue her claims, in direct contrast to [what] the defendant[] alleges." (D.I. 11 at p.2). In Title VII cases, equitable tolling has been found appropriate when: (1) a claimant received inadequate notice of her right to file suit; (2) where a motion for appointment of counsel is pending; (3) where the court has misled the plaintiff into believing that she had done everything required of her; (4) when plaintiff "in some extraordinary way" was prevented from asserting her rights; or (5) when the plaintiff timely asserted her rights in the wrong forum. *See Seitzinger*, 165 F.3d at 240; *see also Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Although the doctrine of equitable tolling allows a court to stop the limitations period from running after a claim has accrued, both the Supreme Court and the United States Court of Appeals for the Third Circuit have recognized that the doctrine should be applied "only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). Plaintiff has

the burden to prove that the equitable tolling doctrine applies. *Podobnik*, 409 F.3d at 591.

Plaintiff contends that, at all times, she reasonably and diligently pursued her claims. However, the record belies that statement. Plaintiff received the notice of suit rights on May 12, 2016, yet she took no action until August 10, 2016, when she mailed her complaint for filing. Nothing in the record indicates that Plaintiff was misled, was prevented from asserting her rights, or that she asserted her claim in an incorrect forum. Nor does the record demonstrate that Plaintiff received inadequate notice of her right to file suit or that there was a pending motion for appointment of counsel.

The court is mindful of Plaintiff's *pro se* status. Equitable tolling is more appropriate when the litigant is inexperienced and proceeding *pro se*. *See Kocian Getty Refining & Marketing Co.*, 707 F.2d 748, 755 (3d Cir. 1983). "Although . . . conformity with procedural rules should be viewed liberally when a litigant is acting *pro se,* the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims." *Carter v. Three Unknown Police Officers,* 112 F.R.D. 48, 52 (D. Del. 1986); *see also McNeil,* 508 U.S. at 113 ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Here, the record does not support a finding of equitable tolling. Indeed, the record shows that Plaintiff, and Plaintiff alone, failed to take the appropriate steps to commence this case in within the required time-frame. Plaintiff simply did not timely file

7

her Title VII claims. That failure is not excused by equitable tolling. Therefore, the Court will grant Defendant's motion to dismiss.

## CONCLUSION

Based upon the above discussion, the Court will grant Defendant's motion to dismiss.[5] (D.I. 9).

An appropriate order will be entered

---

[5] The Court will not address the other ground for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) as dismissal is appropriate for Plaintiff's failure to commence this action within the required ninety day period.